UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARL-HENRY LUCCE,

                    Plaintiff,

          -against-                                    25-CV-6604 (LTS)

HARMON LINDER & ROGOWSKY,                              ORDER OF DISMISSAL

                    Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who currently is incarcerated in Batavia, New York, brings this action *pro se*,

under the Court's federal question jurisdiction, alleging that a law firm in Manhattan violated his

rights under federal and state law. By order dated August 14, 2025, the Court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the

reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

        The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that

is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B),

1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a

complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the

law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following facts are drawn from the complaint. In May 2019, Plaintiff was a passenger in a taxicab that "crashed in a building" in Brooklyn, New York, and he was "injured pretty badly." (ECF 1 at 5.) Defendant represented Plaintiff in a civil lawsuit arising from the accident that resulted in a settlement. (ECF 1 at 5.) Thereafter, Plaintiff "ended up in prison," and he never received his "percentage of the settlement." (*Id.*) According to Plaintiff, a representative of the law firm told him that they gave the check to "someone[] who pretended to be [Plaintiff] with a fake ID." (*Id.*) Plaintiff's brother went to the law firm's office to "see if they were actually testing" him, because [he] found what they did to be very unprofessional." (*Id.*) When Plaintiff's brother got to the office, someone there told him to report the incident to the police. (*Id.*)

Plaintiff asserts that Defendant violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution, and also committed legal malpractice. (*Id.* at 2.) Plaintiff seeks reimbursement of the settlement, which is of an unspecified amount of money, and $50,000 in damages. (*Id.* at 7.)

## DISCUSSION

### A.    Federal claim

Because Plaintiff invokes the Court's federal question jurisdiction, and alleges a violation of his constitutional rights, the Court construes the complaint as asserting a claim pursuant to 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). In other words, a claim for relief under Section 1983 must allege facts

showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

As Defendant is a private law firm that is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983. The Court dismisses any such claim for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      State-law claim**

**1.      Diversity jurisdiction**

Plaintiff alleges that Defendant committed legal malpractice, which arises under state law, but he does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship.[2]

---

[2] The Court notes that Plaintiff filed two lawsuits in the Eastern District of New York asserting substantially similar claims against two other law firms. *See Lucce v. Inwald v. Sim & De Paola,* Nos. 25-CV-4420, 25-CV-4544, 2025 WL 2829499, at *1 (E.D.N.Y. Oct. 6, 2025)

### 2.    Supplemental jurisdiction

The second way in which a federal court can consider state-law claims is under its supplemental jurisdiction. A district court may decline to exercise supplemental jurisdiction of state-law claims, however, when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

---

(dismissing, for lack of subject matter jurisdiction, complaints alleging that two law firms failed to release settlement proceeds arising out of a 2017 Brooklyn car accident).

4

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3). The Court declines to exercise supplemental jurisdiction of any state-law claims. 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    March 11, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge